# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

MICHAEL CHAVEZ,                    )          NO. EDCV 10-549 AGR
                                   )
              Plaintiff,           )
                                   )
       v.                          )
                                   )          **MEMORANDUM OPINION AND**
MICHAEL J. ASTRUE,                 )          **ORDER**
Commissioner of Social Security,   )
                                   )
              Defendant.           )
_____)

Michael Chavez ("Chavez") filed this action on April 22, 2010.  Pursuant to

28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge

on May 5 and May 12, 2010.  (Dkt. Nos. 8-9.)  On December 23, 2010, the

parties filed a Joint Stipulation ("JS") that addressed the disputed issues.  The

Court has taken the matter under submission without oral argument.  The

decision of the Commissioner is affirmed.

///

///

///

///

///

1

2

**I.**

**PROCEDURAL BACKGROUND**

On February 20, 2007, Chavez filed an application for Supplemental Security Income benefits alleging a disability onset date of June 1, 2005. Administrative Record ("AR") 8.  The application was denied initially and upon reconsideration.  AR 54-63, 64-68.  Chavez requested a hearing before an Administrative Law Judge ("ALJ").  AR 72.  On April 24, 2009, the ALJ conducted a hearing at which Chavez, a medical expert and a vocational expert testified.  AR 19-51.  On July 31, 2009, the ALJ issued a decision denying benefits.  AR 5-18.  On March 15, 2010, the Appeals Council denied the request for review.  AR 1-3.  This action followed.

**II.**

**STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to deny benefits.  The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards.  *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion."  *Moncada*, 60 F.3d at 523.  In determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence.  *Drouin*, 966 F.2d at 1257.  When the evidence is susceptible to more than one rational interpretation, the Court must defer to the Commissioner's decision.  *Moncada*, 60 F.3d at 523.

///

///

2

1
2

**III.**

**DISCUSSION**

3

### A.    Disability

4

A person qualifies as disabled, and thereby eligible for such benefits, "only

5    if his physical or mental impairment or impairments are of such severity that he is

6    not only unable to do his previous work but cannot, considering his age,

7    education, and work experience, engage in any other kind of substantial gainful

8    work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20,

9    21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

10

### B.    The ALJ's Findings

11

The ALJ found that Chavez had the following severe combination of

12    impairments: "hepatitis C, diabetes, headaches, major depressive disorder with

13    psychotic features, and history of drug and alcohol abuse." AR 10.  Chavez had

14    the residual functional capacity to perform medium work except that he was

15    "precluded from climbing ladders, ropes, and scaffolds, must avoid concentrated

16    exposure to hazards, and is limited to simple repetitive tasks in a non-public

17    setting with only occasional non-intense interaction with others, no

18    hypervigilance, and no fast-pace work." AR 11.  Chavez had no past relevant

19    work, but could perform jobs that exist in significant numbers in the national

20    economy such as kitchen helper, industrial cleaner and hand packager.  AR 16-

21    17.

22

### C.    The State Agency Physician's Opinion

23

Chavez argues the ALJ improperly rejected the opinion of Dr. Amado, a

24    non-examining State Agency physician, in his Mental Residual Functional

25    Capacity Assessment form ("MRFC form") dated July 16, 2007.  *See* AR 177-79.

26

Dr. Amado found Chavez was moderately limited in his ability to

27    understand and remember detailed instructions; carry out detailed instructions;

28    maintain attention and concentration for extended periods; complete a normal

1   workday and workweek without interruptions from psychologically based

2   symptoms and perform at a consistent pace without an unreasonable number

3   and length of rest periods; and respond appropriately to changes in the work

4   setting.  AR 177-78.

5         Chavez has not identified an inconsistency between the ALJ's RFC

6   assessment and Dr. Amado's opinion.  As noted above, the ALJ found that

7   Chavez had the mental residual functional capacity to perform "simple repetitive

8   tasks in a non-public setting with only occasional non-intense interaction with

9   others, no hypervigilance, and no fast-pace work."  AR 11.  The limitation to

10  simple repetitive tasks is consistent with Dr. Amado's opinion that Chavez was

11  not significantly limited in his ability to understand and remember simple

12  instructions; carry out simple instructions; remember locations and work-like

13  procedures; perform activities within a schedule, maintain regular attendance,

14  and be punctual within customary tolerances; sustain an ordinary routine without

15  special supervision; and make simple work-related decisions.  AR 177-78.  The

16  ALJ's limitation of occasional non-intense interaction with others is arguably more

17  restrictive than Dr. Amado's opinion that Chavez was not significantly limited in

18  his ability to work in coordination with or proximity to others without being

19  distracted by them; interact appropriately with the general public; accept

20  instructions from supervisors; get along with coworkers or peers without

21  distracting them or exhibiting behavioral extremes; and maintain socially

22  appropriate behavior and adhere to basic standards of neatness and cleanliness.

23  *Id.*  The ALJ's preclusion of hypervigilance is consistent with Dr. Amado's opinion

24  that Chavez was not significantly limited in his ability to be aware of normal

25  hazards and take appropriate precautions.  AR 178.  Accordingly, any error would

26  be harmless. *See McLeod v. Astrue*, 640 F.3d 881, 887-88 (9th Cir. 2011)

27  (harmless error rule).

28  ///

The ALJ gave "less weight" to Dr. Amado because "he was not able to consider the additional treatment records from August 30, 2007 through June 7, 2008 as Dr. Glassmire [the medical expert] was able to do."[1]  AR 16.  Dr. Amado rendered his opinions before Chavez received treatment from the Lucerne Valley Counseling & Behavioral Health Center from August 30, 2007, to July 7, 2008.  AR 177-79, 204-12.  The ALJ noted Dr. Glassmire's testimony that the recent records from 2008 indicated Chavez's functioning improved and he did not exhibit ongoing psychosis.  AR 15, 27-28, 30.  The ALJ did not err.

**D.   Hypothetical Question to Vocational Expert**

Chavez argues the ALJ improperly failed to include in his hypothetical question Dr. Amado's opinion as to Chavez's moderate limitations as set forth in his July 16, 2007 MRFC form.

An ALJ may rely on vocational expert testimony given in response to a hypothetical question which contained all of the limitations that the ALJ found credible and supported by substantial evidence.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1217-18 (9th Cir. 2005).  An ALJ is not required to include limitations that are not in his findings.  *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001).

As discussed above, the ALJ's RFC assessment was consistent with (if not more restrictive than) Dr. Amado's opinion.  Chavez has not shown otherwise.  The ALJ did not err.

**E.   Reasoning Level 2 Skills**

Chavez argues the ALJ's finding that he could perform the jobs of kitchen

---

[1]  The ALJ properly accorded greater weight to Dr. Glassmire's opinion. *See* 20 C.F.R. § 416.927(d)(4) (more weight given to opinion which is more consistent with record as a whole); Social Security Ruling (SSR) 96-6p (consultant's opinion may be entitled to greater weight if based on review of complete case record which includes medical report not available to other opining medical source); *Andrews v. Shalala*, 53 F.3d 1035, 1042 (9th Cir. 1995) (greater weight may be given to medical expert who is subject to cross-examination).

1    helper, industrial cleaner and hand packager is inconsistent with the descriptions

2    of those jobs contained in the Dictionary of Occupational Titles ("DOT").  JS 19-

3    25.  According to Chavez, the DOT states those jobs require level 2 reasoning

4    skills and exposure to hazards.  Chavez argues his limitation to simple repetitive

5    tasks and preclusion from concentrated exposure to hazards would prevent him

6    from performing those jobs.

7          The ALJ asked the vocational expert if an individual of Chavez's residual

8    functional capacity, including, *inter alia*, his preclusion from concentrated

9    exposure to hazards and limitation to simple repetitive tasks, could perform work

10   which exists in the national economy.  AR 48-49.  The vocational expert stated

11   that such an individual could perform the jobs of kitchen helper, DOT

12   318.687-010, industrial cleaner, DOT 381.687-018, and hand packager, DOT

13   920.587-018.  AR 49.  The number of the jobs was eroded by 25% "to avoid

14   situations where someone might have to change bulbs and climb a ladder."  *Id.*

15   The ALJ relied on this testimony and found Chavez could perform work that

16   exists in the national economy.  AR 16-17.

17         The DOT describes the jobs of kitchen helper, industrial cleaner, and hand

18   packager as requiring reasoning level 2.  DOT 318.687-010, 381.687-018,

19   920.587-018.  Contrary to Chavez's argument, the limitation to simple repetitive

20   tasks is consistent with the ability to perform jobs requiring reasoning level of 2.

21   *Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005); *Meissl v. Barnhart*,

22   403 F.Supp.2d 981, 984-85 (C.D.Cal. 2005).

23         The DOT's descriptions of the jobs  of kitchen helper, industrial cleaner,

24   and hand packager do not require concentrated exposure to hazards.  DOT

25   318.687-010, 381.687-018, and 920.587-018.  The DOT specifically states that

26   exposure to moving mechanical parts, electric shock, high exposed places,

27   radiation, explosives, or toxic caustic chemicals is "not present" in all three jobs.

28   DOT 318.687-010, 381.687-018, and 920.587-018.  It does not otherwise indicate

6

1    concentrated exposure to hazards.  Moreover, the vocational expert's testimony

2    eroded the job base by 25% to avoid situations in which a worker would have to

3    climb a ladder.  AR 49.  The ALJ did not err.

4                                         **IV.**

5                                    **<u>ORDER</u>**

6            IT IS HEREBY ORDERED that the decision of the Commissioner is

7    affirmed.

8            IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this

9    Order and the Judgment herein on all parties or their counsel.

12    DATED: August 4, 2011          _____
                                              ALICIA G. ROSENBERG
13                                      United States Magistrate Judge